# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2719-18T3

NEW JERSEY DIVISION
OF CHILD PROTECTION
AND PERMANENCY,

     Plaintiff-Respondent,

v.

D.D.,

     Defendant-Appellant,

and

H.D.,

     Defendant.

_____

IN THE MATTER OF E.B.,

     a Minor.

_____

Submitted December 5, 2019 – Decided February 14, 2020

Before Judges Suter and DeAlmeida.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Hudson County. Docket No. FN-09-0336-16.

Joseph E. Krakora, Public Defender, attorney for appellant (Robyn A. Veasey, Deputy Public Defender, of counsel; Kevin G. Byrnes, Designated Counsel, on the briefs).

Gurbir S. Grewal, Attorney General, attorney for respondent (Melissa H. Raksa, Assistant Attorney General, of counsel; William Rodriguez, Deputy Attorney General, on the brief).

Joseph E. Krakora, Public Defender, Law Guardian, attorney for minor (Todd S. Wilson, Designated Counsel, on the brief).

PER CURIAM

D.D. (Daniel)[1] appeals, following a fact-finding hearing, from an order of the Family Part finding that he inflicted excessive corporal punishment on his son, E.B. (Eddie), constituting abuse and neglect under N.J.S.A. 9:6-8.21(c)(4). We affirm.

## I.

We glean the facts from the fact-finding hearing. Daniel is Eddie's father. On Monday, April 11, 2016, nine-year old Eddie went to school with a visibly

---

[1] We use initials and pseudonyms to maintain the confidentiality of the parties and their child. R. 1:38-3(d)(12).

black and blue eye. He told his teacher—although initially reluctant—that his father hit him in the face "several times" and "punched him in his leg" because he did not fight back against another child in his classroom. The teacher testified that, on the previous Friday, Eddie accidentally hit his friend with the brim of his hat and the friend "smacked him" with an open hand. Eddie had a "little redness" on his face, but there were no marks. She reported the incident to both parents. Eddie told his teacher that his father hit him in the face and punched him because of that incident.

Eddie confirmed to the school principal that his father had done this to him. The school contacted the Division of Child Protection and Permanency (the Division). Eddie told the Division's caseworker he had been "play-fighting" with a friend. Eddie explained to her "his father hit him because he felt that [Eddie] was in a . . . real fight and that [Eddie] didn't hit back and his father was teaching him a lesson by hitting him." His father slapped him "in his face five times with his hand and hit him in the left eye." He also punched him in his thigh. Eddie told the caseworker his father previously hit him with a belt "but now that he's bigger, he hits him with his fists."

A-2719-18T3

The Division's investigation revealed Eddie previously was removed from his parents' care when they lived in New York because "he sustained an injury from his father hitting him" with a belt.

Daniel did not testify at the fact-finding hearing, but explained to a detective from the Special Investigation Unit that Eddie was in a fight at school. He denied hitting his son. He also recounted that Eddie received two black eyes and a swollen nose about three weeks earlier from another fight at the school. The caseworker followed up with Eddie's teacher and principal, who both denied there was any prior incident at the school. Eddie's teacher also testified she did not have "behavioral issues" with Eddie.

A family friend testified at the fact-finding hearing that he walked home from school with Daniel, Eddie and his own children on Friday, April 8, 2016. He did not notice any bruising until Eddie took off his hat and he saw a "yellowish blue" bruise underneath Eddie's eye on the left. It looked to him like it had been treated with an icepack. He testified he "never once" saw Eddie with any other bruises. He did not ask Daniel about the bruise because Daniel told him about the fight at school.

A-2719-18T3

Eddie's mother H.D. (Hannah) insisted the injury to Eddie's eye occurred in school but acknowledged that Daniel hit Eddie in the thigh. The photographs showed Eddie's black and blue eye and three circular bruises on Eddie's thigh.

The Division conducted an emergency "Dodd removal"[2] of Eddie and then was granted care, custody and supervision of him. The Division filed a complaint under N.J.S.A. 9:6-8.21(c) against Daniel alleging abuse and neglect by the infliction of excessive corporal punishment and against Hannah for failing to protect Eddie.

Dr. Anthony V. D'Urso, an expert in psychology, child psychology, and child abuse, testified at the fact-finding hearing. Based on his examinations of Eddie, he concluded that although Eddie did not have a "diagnosable condition" such as a "psychiatric disorder," he did have "some long[-]standing anxiety . . . specific to the abuse that occurred[.]" His evaluation "clinically supported physical abuse by [Daniel], emotional abuse by [Daniel] and emotional neglect with [Hannah]" because Eddie's symptom-pattern "would be hard to feign."

The Family Part judge found the Division met its burden under N.J.S.A. 9:6-8.21(c)(4) of proving that Daniel used excessive corporal punishment. The Family Part judge found the Division's witnesses were credible based on their

---

[2] See N.J.S.A. 9:6-8.29.

"demeanor while testifying[,] their lack of any personal interest or bias in the case" and that their testimony made common sense. The court did not find the family friend's testimony credible because it seemed "contrived by [Daniel] (who did not testify) in an attempt to deflect blame away from him for the injuries sustained to his son." The court found Eddie's injuries occurred over the weekend, not in school. This was corroborated because the bruises to Eddie's leg could not have occurred in the classroom incident on Friday. The court also found this was not an isolated event because Eddie previously had been injured by his father and removed from his parents' custody when they resided in New York. The court found Daniel "abused and neglected his son . . . by the use of excessive corporal punishment."

On appeal, Daniel contends there was inadequate evidence to support the court's abuse and neglect finding. He argues the trial court erred by allowing testimony by the expert witness on the "ultimate issue of abuse and neglect."

## II.

We defer to Family Part judges' fact-finding because of their "special jurisdiction and expertise in family matters[.]" Cesare v. Cesare, 154 N.J. 394, 413 (1998). They also have "the opportunity to make first-hand credibility judgments about the witnesses who appear on the stand; [and have] a feel of the

case that can never be realized by a review of the cold record." N.J. Div. of Youth & Family Servs. v. M.C. III, 201 N.J. 328, 342-43 (2010) (quoting N.J. Div. of Youth & Family Servs. v. E.P., 196 N.J. 88, 104 (2008)). Fact-finding that is supported by sufficient, substantial and credible evidence in the record is upheld. See N.J. Div. of Youth & Family Servs. v. L.L., 201 N.J. 210, 226 (2010). The court's interpretation of the law or its legal conclusions are reviewed de novo. See State ex rel. A.B., 219 N.J. 542, 554-55 (2014).

The relevant portion of Title Nine, N.J.S.A. 9:6–8.21(c)(4)(b), defines an "[a]bused or neglected child" to include a child under the age of eighteen,

> whose physical, mental, or emotional condition has been impaired or is in imminent danger of becoming impaired as the result of the failure of his parent or guardian . . . to exercise a minimum degree of care . . . (b) in providing the child with proper supervision or guardianship, by unreasonably inflicting or allowing to be inflicted harm, or substantial risk thereof, including the infliction of excessive corporal punishment; or by any other acts of a similarly serious nature requiring the aid of the court[.]

"'Excessive corporal punishment' is not specifically defined in Title Nine." Dep't of Children & Families v. K.A., 413 N.J. Super. 504, 510 (App. Div. 2010). "'[E]xcessive' means going beyond what is proper or reasonable." Id. at 511. A parent using corporal punishment may only "inflict moderate correction" that must be reasonable under the circumstances. Id. at 510 (quoting State v.

7

T.C., 347 N.J. Super. 219, 239-40 (App. Div. 2002)). Force that exceeds that reasonableness limit is sufficient to trigger the statute. See id. at 511. Each case of alleged abuse "requires careful, individual scrutiny" and is "generally fact sensitive." N.J. Div. of Youth & Family Servs. v. P.W.R., 205 N.J. 17, 33 (2011). The "main focus" of Title Nine "is not the 'culpability of parental conduct' but rather 'the protection of children.'" Dep't of Children & Families, Div. of Child Prot. & Permanency v. E.D.-O., 223 N.J. 166, 178 (2015) (quoting G.S. v. Dep't of Human Servs., 157 N.J. 161, 177 (1999)).

We reject Daniel's contention the trial court erred in finding abuse and neglect under Title Nine. The judge's decision rested on his determination that the Division's witnesses were credible, and that Eddie's injuries did not occur at school. This finding was amply supported by the record. Eddie consistently reported his father inflicted both the black eye and bruises on his thigh as a lesson for having not fought back against another child in school. It certainly was not reasonable to teach the child a lesson by striking him with such force his eye was black and blue and by punching him in the leg so hard he sustained bruising. The court did not find the family friend's testimony to be credible, and his testimony did not support Daniel's version. That witness never saw the two

A-2719-18T3

black and blue eyes and swollen nose that Daniel said occurred three weeks earlier. The incident at school did not explain how Eddie's thigh was bruised.

Dr. D'Urso's testimony supported Eddie's version. He concluded Eddie had "anxiety . . . specific to the abuse that occurred[.]" This "clinically supported" the physical and emotional abuse inflicted by Daniel.

The court did not err in permitting Dr. D'Urso to testify on the issue of abuse and neglect. There was no objection at the fact-finding hearing, requiring our review under a plain error standard. See R. 2:10-2 (providing that reversal is warranted only if the alleged error was "clearly capable of producing an unjust result"). Moreover, an expert witness is permitted to testify about the ultimate issue—here abuse and neglect. See N.J.R.E. 704 (providing "[t]estimony in the form of an opinion or inference otherwise admissible is not objectionable because it embraces an ultimate issue to be decided by the trier of fact").

This case is not like K.A., 413 N.J. Super. at 512. There, a parent hit her child on the shoulder with her fist and caused bruising. Ibid. However, in that case there was no injury or pattern of abuse, the child was psychologically disruptive, and lesser forms of discipline had not worked. Ibid. Here, there was a prior incident where Eddie was struck with a belt. There was no evidence Eddie was psychologically disruptive or that any form of discipline was needed.

Nor was this case similar to P.W.R., 205 N.J. at 36, where the Court did not find excessive corporal punishment. There, the parent occasionally slapped a teenager in the face and did not leave bruises or marks. Ibid. That certainly was not the case here where there was photographic evidence of Eddie's black eye and bruises. Eddie told the caseworker his father hit him previously with a belt but now that he is bigger, "hits him with his fists."

Our review of the record shows that the Family Part judge took into consideration all the evidence in reaching the finding that Daniel abused and neglected Eddie under Title Nine through the use of excessive corporal punishment.[3]

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[3] There was no finding against Hannah. She has not appealed.

A-2719-18T3